IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ALAN JOHNSTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 1:23-00053** |
| | ) | |
| UNITED STATES OF AMERICA, ***et al.***, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 15), filed on May 10, 2023; and (2) Plaintiff's Motion for Summary Judgment (Document No. 24), filed on July 3, 2023. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendants in moving to dismiss. (Document No. 19.) On May 19, 2023, Plaintiff filed his Response in Opposition. (Document No. 20.) Having examined the record and considered the applicable law, the undersigned has concluded that Plaintiff's Motion for Summary Judgment (Document No. 24) should be denied and Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 15) should be granted in part and denied in part.

## PROCEDURAL HISTORY

On February 3, 2023, Plaintiff, acting *pro se*,[1] filed his Amended Complaint for alleged

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519,

violations of his constitutional and civil rights pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971) and negligent conduct pursuant to Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.* (Document No. 5.) In his Amended Complaint, Plaintiff names the following as Defendants: (1) United States of America; (2) Megan Ray, Dental Assistant at FCI McDowell; (3) Veronica Brown, Dental Doctor as FCI McDowell; (4) Casandra Carothers,[2] Physician Assistant at Medical Services at FCI McDowell; and (5) Administrator Bailey, Health Administrator at FCI McDowell. (<u>Id.</u>) Plaintiff alleges that the above Defendants acted with negligence and deliberate indifference concerning his need for treatment concerning an abscessed tooth. (<u>Id.</u>, pp. 7 - 8.) Plaintiff explains that on April 20, 2022, he went to dental sick-call complaining of an abscessed tooth. (<u>Id.</u>) Plaintiff states that Defendant Ray instructed him to watch call-out for an appointment, but provided no antibiotics. (<u>Id.</u>) After "weeks go by," Plaintiff states that he reported to call-out for his appointment with Defendant Brown. (<u>Id.</u>) Plaintiff, however, states that Defendant Ray informed him that his appointment with Defendant Brown had been rescheduled and to watch call-out for his new appointment. (<u>Id.</u>) Plaintiff complains that no antibiotics or other medication was provided as treatment pending his rescheduled appointment date. (<u>Id.</u>) Approximately three weeks later, Plaintiff asserts that he was evaluated by Defendant Carothers during a Chronic Care Visit and complained of "bad swelling" from his abscessed tooth. (<u>Id.</u>) Plaintiff, however, states that

---

520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Based on Defendants' Motion, it appears Plaintiff indicated an incorrect spelling of Defendant Corathers' name. Specifically, it appears that the correct spelling is "Carothers" instead of "Corathers." Accordingly, the Clerk is **DIRECTED** to revise the Docket Sheet to reflect "Casandra Carothers, Physician Assistant at Medical Services at FCI McDowell" as a defendant and terminated "Casandra Corathers, Physician Assistant at Medical Services at FCI McDowell."

Defendant Carothers failed to provide any medication or treatment stating that such was a dental issue. (Id.) Plaintiff alleges that on May 20, 2022, he requested antibiotics at the "pill window" and "finally received some but the infection was too far infected and didn't work." (Id.) Plaintiff alleges that on May 26, 2022, he was taken to the "Welch Emergency Room" where he was evaluated and then transported by ambulance to UT Kentucky Medical Center. (Id.) During his seven day hospitalization at UT Kentucky Medical Center, Plaintiff alleges that he received IV antibiotics and surgery. (Id.) Plaintiff alleges that as a result of Defendants' negligence and deliberate indifference, he became septic "to the point of hospitalization and near death." (Id.) As relief, Plaintiff requests monetary damages. (Id.)

As Exhibits, Plaintiff attaches the following: (1) A copy of a "Rejection Notice-Administrative Remedy" dated July 6, 2022, from the Administrative Remedy Coordinator at FCI McDowell (Remedy ID 1125662-F1) (Document No. 6, pp. 1 and 14); (2) A copy of Plaintiff's "Request for Administrative Remedy Informal Resolution Form" dated June 16, 2022 (Id., pp. 2 and 15.); (3) A copy of Correctional Counselor J. Fields' "Response to Informal Resolution Attempt" dated June 15, 2022 (Id., pp. 3 and 16.); (4) A copy of Warden E. Rokosky's Response to Plaintiff's request for a reduced sentence or compassionate release dated July 18, 2022 (Id., pp. 4 and 17.); (5) A copy of Plaintiff's "Central Office Administrative Remedy Appeal" dated July 18, 2022 (Remedy ID 1125662-R1) (Id., pp. 5 – 8.); (6) A copy of Plaintiff's "Request for Administrative Remedy" dated June 16, 2022 (Remedy ID 1125662-F1) (Id., p. 9.); (7) A copy of Plaintiff's "Inmate Request to Staff" dated June 2, 2022 (Id., pp. 10 - 12 and Document No. 6-1, pp. 41 - 42.); (8) A copy of Plaintiff's "Sensitive Complaint" addressed to the Warden (Document No. 6, p. 13 and Document No. 6-1, pp. 39 - 40.); (9) A copy of Plaintiff's "Inmate Discipline Data

Chronological Disciplinary Record" dated September 29, 2022 (Document No. 6, p. 18.); and (10) A copy of Plaintiff's medical records (Id., pp. 19 – 110, Document No. 6-1, pp. 1 – 38, 43 – 56, Document No. 6-2, Document No. 6-3).

By Order entered on March 9, 2023, the undersigned directed the Clerk to issue process in this case by preparing and serving a Summons and a copy of Plaintiff's Amended Complaint upon each Defendant as specified in Rule 4(i)(1) - (3) of the Federal Rules of Civil Procedure. (Document No. 7.) The Clerk's Office issued process the same day. (Document No. 8.) On May 10, 2023, Defendants filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 15 and 18.) Defendants argue that Plaintiff's FTCA claim should be dismissed based on the following: (1) Plaintiff failed to exhaust his administrative remedies (Document No. 18, pp. 8 – 10); (2) "Plaintiff failed to state a claim for relief under the West Virginia Medical Professional Liability Act" (Id., pp. 10 – 12); and (3) "The United States has not waived sovereign immunity for constitutional claims under the FTCA" (Id., pp. 12 – 13). Defendants argue that Plaintiff's Bivens claim should be dismissed based on the following: (1) "All named Defendants are entitled to qualified immunity" (Id., pp. 13 – 12); (2) "Following *Egbert*, Plaintiff's individual capacity claims are not cognizable under *Bivens*" (Id., pp. 14 – 26); (3) "Plaintiff fails to establish Defendant Bailey's personal involvement" (Id., p. 26); and (4) Defendant Carothers is entitled to absolute immunity from a Bivens suit as a commissioned officer in the United States Public Health Service (Id., pp. 26 – 27).

As Exhibits, Defendants attach the following: (1) The Declaration of Misty Shaw (Document No. 15-1, pp. 2 – 6); (2) (2) A copy of Plaintiff's "Inmate History - Adm-Rel" (Id., pp. 8 - 9); (3) A copy of Plaintiff's "Sentencing Monitoring Computation Data As Of 01-09-2023"

(Id., pp. 11 – 18); (4) A copy of Plaintiff's pertinent medical records (Document No. 15-1, pp. 20 - 181 and Document No. 15-2, pp. 1 - 164); (5) A copy of Clinical Guidance regarding dental infections (Document No. 15-2, pp. 166 - 168); (6) A copy of Plaintiff's "Claim for Damage, Injury, or Death" as filed on the Standard Form 95 dated October 9, 2022 (Id., pp. 170 - 171); and (7) A copy of Plaintiff's Administrative Remedy Generalized Retrieval dated March 14, 2023 (Id., pp. 173 – 175).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 11, 2023, advising him of the right to file a response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgement." (Document No. 19.) On May 19, 2023, Plaintiff filed his Response in Opposition to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Document No. 20.) On July 3, 2023, Plaintiff filed his Motion for Summary Judgment. (Document No. 24.)

## **THE STANDARD**

### **Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). A motion to dismiss filed pursuant to Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Once subject matter jurisdiction is challenged, plaintiff bears the "burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Subject matter jurisdiction cannot be waived by the Court or the parties. The absence of subject-matter jurisdiction may be raised at any time. Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a District Court may refer to evidence outside the pleadings without converting the proceeding to one for summary judgment. See William v. United States, 50 F.3d 299 (4th Cir. 1995).

**Summary Judgment**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such

that a reasonable jury might return a verdict for the non-moving movant." Wai Man Tom v. Hospitality Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020)(citations omitted.); also see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(A "material fact" is a fact that could affect the outcome of the case); CTB, Inc. v. Hog Slat, Inc., 954 F.3d 647, 658 (4th Cir. 2020)("A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict of the nonmoving party."); FDIC v. Cashion, 720 F.3d 169, 180 (4th Cir. 2013)(A "genuine issue" of material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor). "The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact." Wai Man Tom, 980 F.3d at 1037. The moving party may satisfy this burden by showing that the non-moving party has failed to prove an essential element of the non-moving party's case that the non-moving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim.). Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. See Celotex Corp., 477 U.S. at 325, 106 S.Ct. 2548; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986); also see Wai Man Tom, 980 F.3d at 1037(citation omitted)("[T]o survive the motion for summary judgment, [the non-moving party] may not rest on the allegations averred in his pleadings. Rather, the nonmoving party must demonstrate specific,

material facts exist that give rise to a genuine issue.") Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. <u>Anderson</u>, 477 U.S. at 247-48, 106 S.Ct. 2505("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); <u>Perry v. Kappos</u>, 2012 WL 2130908, * 3 (4th Cir. 2012)(quoting <u>Beale v. Hardy</u>, 769 F.2d 213, 214 (4th Cir. 1985)("At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action.") All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. <u>Matsushita</u>, 475 U.S. at 587, 106 S.Ct. at 1356; <u>also see</u> <u>Sedar v. Reston Town Center Property, LLC</u>, 988 F.3d 756, 763 (4th Cir. 2021)("The requirement to construe the facts, and all reasonable inferences therefrom, in the light most favorable to the non-moving party does not require [the court] to accept cherry-picked snippets of the testimony divorced from their context."). Additionally, the court is not allowed to make credibility determinations or weigh the evidence at the summary judgment stage. <u>Stanton v. Elliott</u>, 25 F.4th 227, 234 (4th Cir. 2022)(noting that the disbelief in a non-moving party's ability to succeed on the merits is insufficient to grant summary judgment). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate. <u>See</u> <u>Moss v. Parks Corp.</u>, 985 F.2d 736, 738 (4th Cir. 1993)(Summary judgment is proper where it is apparent from the record that "no reasonable jury could find for the nonmoving party.")

## <u>DISCUSSION</u>

1.    **Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 15):**

A.     **FTCA Claim:**

An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). The FTCA provides at Section 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

The FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). The statute merely waives sovereign immunity and "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id. Thus, the FTCA is a limited waiver of sovereign immunity. This waiver is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before suit can be filed. See 28 U.S.C. § 2675(a).[3] See also Bellomy v. United States, 888 F. Supp. 760 (S.D.W.Va. 1995). As a general matter, filing a timely administrative claim is jurisdictional and cannot be waived. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (citing Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986); Muth

---

[3]  Title 28 U.S.C. § 2675(a) provides as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

v. United States, 1 F.3d 246 (4th Cir. 1993); Gibbs v. United States, 34 F.Supp.2d 405 (S.D.W.Va. 1999). Thus, before an inmate can bring a claim under the FTCA, the inmate must exhaust procedures specified at 28 C.F.R. §§ 14.1 to 14.11 and 543.30 to 543.32. Additionally, the Court cannot hold the case in abeyance while a plaintiff presents an administrative tort claim with the appropriate agency.[4] See Plyer v. United States, 900 F.2d 41, 42 (4th Cir. 1990)("Since the district court has no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the Motion to Dismiss until the period had expired."). 28 U.S.C. § 2401(b) provides that a tort claim must be presented to the appropriate federal agency within two years after the claim accrues and the lawsuit must be commenced within six months after the receipt of a final agency decision. An agency decision is considered "final" based upon the following: (1) "[T]he claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail;" or (2) "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).

The United States contends that Plaintiff failed to properly exhaust his administrative tort claim with the agency regarding his medical treatment at FCI McDowell prior to initiating the

---

[4]  The administrative process which inmates must exhaust when they have complaints under the FTCA is spelled out at 28 C.F.R. §§ 14.1 - 14.11. To exhaust administrative remedies as required before filing an action under the FTCA, the inmate must first submit an administrative claim including a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim. Id., § 14.2(a) and (b)(1). After investigation and examination and informal attempts at resolving the inmate's claim as the circumstances may require, Id., §§ 14.6 and 14.8, the agency may deny or approve the inmate's claim. If the agency denies the inmate's claim, he may file suit in the District Court within six months of the mailing of the denial. Id., § 14.9(a). The Director of the Federal Bureau of Prisons is authorized to settle meritorious administrative Federal tort claims by providing monetary compensation. 28 C.F.R. §§ 0.96(k) and 0.172.

above action. (Document No. 15 and Document No. 18, pp. 8 – 10.) Although the United States acknowledges that Plaintiff filed his administrative tort claim on October 22, 2022, the United States asserts that Plaintiff initiated this action prior to the agency denying his claim and prior to six months elapsing from the date of filing the tort claim. (Document No. 18, p. 9.) Specifically, Plaintiff filed his Complaint with this Court on January 23, 2023, and an Amended Complaint on February 3, 2023. (Id.) In support, the United States submits the Declaration of Ms. Misty Shaw, a Paralegal for the Mid-Atlantic Regional Office Consolidated Legal Center. (Document No. 15-1, pp. 2 - 6.) Ms. Shaw declares that in her position she has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings and administrative tort claim filings. (Id., p. 2.) Specifically, Ms. Shaw states as follows in her Declaration (Id., p. 177.):

> 39.    On October 22, 2022, Plaintiff filed an administrative tort claim regarding the events alleged in this Amended Complaint. Prior to the agency responding and prior to six months elapsing from the date of filing the tort claim, Plaintiff filed a Complaint with this Court on January 23, 2023, and an Amended Complaint on February 3, 2023.

(Id.) As an Exhibit, Ms. Shaw attaches a copy Plaintiff's Standard Form 95 and "Administrative Remedy Generalized Retrieval." (Document No. 15-2, pp. 170 – 175.) The United States, therefore, argues that Plaintiff's FTCA claim must be dismissed for failure to exhaust. (Document No. 18, p. 10.)

In his Response, Plaintiff fails to dispute that he failed to exhaust. (Document No. 20.) Plaintiff merely states that he "was scared of [his] time bar, so [he] filed a lawsuit upon release." (Id., p. 20.) Plaintiff states that "[t]he process from counselor grievance is over 30 days, then Warden is over 45, then region is over 3 months, then tort claim is 6 month and [his] out date was

6 months." (Id.)

Based upon a review of the record, the undersigned finds that Plaintiff failed to properly exhaust his FTCA claim. Although Plaintiff indicates that he was in the process of exhausting his administrative claim, such does not save the instant action from dismissal for failure to exhaust. Plaintiff must fully exhaust his administrative claim *prior* to filing his FTCA action. Prior to bringing a FTCA claim in federal court, "a claimant shall have *first* presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified registered mail." 28 U.S.C. § 2675(a)(emphasis added). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Id. This claim-filing requirement is jurisdiction and cannot be waived. See Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994)(citation omitted); Pyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990); Lamerique v. United States, 2019 WL 2932673, * 10 (S.D.W.Va. June 14, 2019). There is no dispute that Plaintiff initiated the above action prior to (1) the passage of six months after the filing of his administrative tort claim,[5] and (2) receiving a final denial of the administrative tort claim from the BOP. Plaintiff's efforts to now exhaust by filing an administrative claim would not save his above action from being dismissed because he did not exhaust *prior* to filing the above action. Based on the foregoing, the undersigned recommends that Plaintiff's FTCA claim be dismissed in view of his failure to exhaust prior to filing his Complaint. The undersigned finds it unnecessary to consider other grounds the United States has asserted as grounds for dismissal of

---

[5] Plaintiff filed his administrative tort claim on October, 22, 2022. On January 23, 2023, Plaintiff initiated the above action by filing his Complaint. On February 3, 2023, Plaintiff filed his Amended Complaint. If Plaintiff had not received a final denial of his administrative tort claim on March 22, 2023, Plaintiff could have construed such as a final denial.

Plaintiff's FTCA claim.

    **B.**    <u>**Bivens Claim**</u>**:**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." <u>Turner v. Safley</u>, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A <u>Bivens</u> action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. <u>See</u> <u>Bivens v. Six Unknown Named Agents of the Fed.</u> <u>Bureau of Narcotics</u>, 403 U.S. at 395-97, 91 S.Ct. at 2004-05. A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to <u>Bivens</u>. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991); <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

In the instant case, Plaintiff contends that Defendants have violated his Eighth Amendment rights by acting with deliberate indifference concerning his need for medical and/or dental treatment regarding his abscessed tooth. Specifically, Plaintiff complains that Defendants

13

disregarded his need for appropriate treatment thereby allowing it to progress to Plaintiff becoming septic and "near death."

**i.    Defendant Carothers:**

In Defendants' Motion, Defendant Carothers argues that she is a United States Public Health Service Employees and is entitled to absolute immunity. (Document No. 15 and Document No. 18, pp. 26 - 27.) In support, Defendants attach the Declaration of Misty Shaw, a Paralegal for the Mid-Atlantic Regional Office Consolidate Legal Center. (Document No. 15-1, pp. 2 – 6.) Ms. Shaw states BOP records indicate that "Defendant Carothers is a Commissioned Officer in the United States Public Health Service and has been since October 2020." (Id., p. 6.) In his Response in Opposition, Plaintiff fails to specifically address the above argument. (Document No. 20.)

Title 42 U.S.C. § 233(a) provides as follows:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28 . . . for damages for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim.

Thus, Congress made proceedings under the FTCA the sole avenue to seek relief against a Public Health Service employee for injuries resulting from the employee's performance of medical functions within the scope of his or her employment. The United States Supreme Court has held that "[t]he immunity provided by § 233(a) precludes *Bivens* actions against individual [Public Health Service] officers or employees for harms arising out of constitutional violations committed while acting within the scope of their office or employment." Hui v. Castaneda, 559 U.S. 799, 130 S.Ct. 1845, 1847, 176 L.Ed.2d 703 (2010)(stating that Section 233(a) "plainly precludes a *Bivens*

14

action against petitioners by limiting recovery for harms arising from the conduct at issue to an FTCA action against the United States.") Plaintiff is clearly alleging that Defendant Carothers violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical and/or dental needs. Based on the foregoing, the Court finds that Defendant Carothers was a Commissioned Officer in the United States Public Health Service during the time period relevant to this Complaint and has absolute immunity from suit for all claims arising from the medical care provided to Plaintiff. The Court, therefore, respectfully recommends that Defendant Carothers' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 15) be granted. The undersigned finds it unnecessary to consider the other reasons which Defendant Carothers has submitted for dismissal of Plaintiff's claims.

     **ii.**    **Defendant Bailey:**

     In their Motion, Defendants contend that Plaintiff's <u>Bivens</u> claim against Defendant Bailey must be dismissed. (Document No. 15 and Document No. 18, p. 26.) Defendant Baily contends that Plaintiff acknowledges that Defendant Bailey was named as a defendant because he is "in charge." (<u>Id.</u>) Defendant Bailey, however, notes that Plaintiff fails to allege any specific acts taken by him or that he was aware of subordinate misconduct. (<u>Id.</u>) Specifically, Defendant Bailey states that he "was in a supervisory and administrative role for part of the time of the events alleged in the Amended Complaint – from the time plaintiff arrived at FCI McDowell on November 23, 2021 until February 28, 2022 – and Plaintiff has not made any specific allegations against Defendant Bailey regarding his treatment or the specific medical care of Plaintiff." (<u>Id.</u>) Defendant Baily, therefore, asserts that "Plaintiff has not established the requisite personal involvement necessary to support *Bivens* liability for this Defendant." (<u>Id.</u>) Plaintiff failed to address the foregoing in his Response in Opposition. (Document No. 20.)

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Ashcroft v. Iqbal, 129 S.Ct. at 1948("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Also see Monell v. Department of Social Services of the City of NY, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Liability, however, may attach to a supervisory official if "conduct directly causing the deprivation was done to effectuate an official policy or custom for which [the official] could be liable." Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982), *abrogated on other grounds by* County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Further, supervisory officials may be liable for acts of their subordinates where "supervisory indifference or tacit authorization of subordinates' misconduct may be a causative fact in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). Thus, the inquiry for the Court is whether the Defendant individually "acted wantonly, obdurately, or with deliberate indifference to the pervasive risk of harm." Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir. 1991).

Defendant Bailey argues that Plaintiff has failed to demonstrate specifically how he was personally involved in violating any of Plaintiff's constitutional rights. As explained above, a Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395 -97, 91 S.Ct. 1999. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Proof of causation between the official's conduct and the alleged injury, however, is necessary for there to be liability. In the instant case, Plaintiff fails to allege

16

any facts as to how Defendant Bailey violated his constitutional rights. Essentially, Plaintiff indicates that Defendant Bailey violated his constitutional rights with respect to his failure to supervise employees. The evidence of record, however, does not indicate any personal involvement or tacit authorization of subordinates' misconduct by Defendant Bailey. Further, the sole allegation against Defendant Bailey is that he was "in charge." It is undisputed, however, that there is no evidence that Defendant Bailey was personally involved in a denial of treatment to Plaintiff, deliberately interfered with Plaintiff's treatment, or tacitly authorized misconduct by subordinates. Accordingly, Plaintiff has improperly raised his claim against Defendant Bailey under the doctrine of *respondeat superior* and has failed to establish supervisory liability. The Court therefore finds that Defendant Bailey's "Motion to Dismiss, or in the Alternative Motion for Summary Judgment" (Document No. 15) should be granted. The undersigned finds it unnecessary to consider the other reasons which Defendant Bailey has submitted for dismissal.

### iii.    No Extension of <u>Bivens</u>:

Next, the undersigned considers whether Plaintiff's deliberate indifference claim under the Eighth Amendment constitutes an improper extension of <u>Bivens</u>. As state above, Plaintiff alleges that Defendants violated his Eighth Amendment rights by acting with deliberate indifference concerning his need for medical and/or dental treatment regarding his abscessed tooth. Specifically, Plaintiff complains that Defendants disregarded his need for appropriate treatment thereby allowing it to progress to Plaintiff becoming septic and near death. (<u>Id.</u>) In their Motion, Defendants argue that <u>Bivens</u> liability has not been extended to Plaintiff's above Eighth Amendment claim. (Document Nos. 15 and 18.) Defendants contend that Plaintiff's claim fails under <u>Egbert v. Boule</u> and <u>Ziglar v. Abbasi</u>. (<u>Id.</u>) Defendants note that the United States Supreme Court has only approved a <u>Bivens</u> cause of action in three cases – <u>Bivens</u>, <u>Davis</u>, and <u>Carlson</u>. (<u>Id.</u>)

17

Defendants argue that Plaintiff's Eighth Amendment claim presents "a new context both because they diverge factually from the Court's three *Bivens* cases and because they raise potential special factors that the Court has not considered in the past." (Document No. 18, p. 16.) Defendants argue that "[a]side from the overarching constitutional theory at issue, this case shares little in common with *Carlson*." (Id., p. 17.) Defendants assert that "*Carlson* focused on an alleged Eighth Amendment violation against prison officials for failing to provide life-saving medical care to an inmate with asthma and intentionally disregarded medical advice, which led to the use of a contra-indicated drug and an inoperative respirator, and ultimately resulted in death." (Id.) Defendants claim that Plaintiff's claim "turns on allegation that individual Defendants neglected Plaintiff's medical condition, and as a result he was hospitalized for cellulitis and 'near death.'" (Id., p. 18.) Citing non-binding authority, Defendants argue that "[o]ther courts have found a new context in Eighth Amendment cases where the medical condition and care at issue were different from *Carlson*." (Id., pp. 18 – 19.) Finally, Defendants conclude that even though "[t]he factual difference between Plaintiff's allegations and *Carlson* are 'meaningful' on their own, [] they also raise 'potential special factors' that were never examined in that case." (Id., p. 19.) Accordingly, Defendants conclude the foregoing would be an improper extension of Bivens. (Id.) In his Response in Opposition, Plaintiff fails to address the above issue. (Document No. 20.)

        As stated above, a Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395 -97, 91 S.Ct. at 1999. Bivens core premise is to deter individual officers' unconstitutional acts. Correctional Services Corp v. Malesko, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001)(declining to extend Bivens to confer a right of action for damages against private entities acting under the color of federal law). In Bivens, the Supreme Court first recognized that a victim

of a Fourth Amendment violation by federal officers may bring suit for money damages against the officers in federal court. Bivens, 403 U.S. at 396, 91 S.Ct. 1999; Hernandez v. Mesa, 589 U.S. ___ 140 S.Ct. 735, 741, 206 L.Ed.2d 29 (2020)(In Bivens, "the Court broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents.") In the years following the decision in Bivens, the Supreme Court recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment for a claim of sex discrimination, Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), and the Cruel and Unusual Punishments Clause of the Eighth Amendment for a prisoner's claim of inadequate medical care, Carlson v. Green, 446 U.S. 14, 100, S.Ct. 1468, 64 L.Ed.2d 15 (1980). Since Carlson, the Supreme Court has consistently refused to extend Bivens liability to any new context or new category of defendants. See Egbert v. Boule, 596 U.S. 482, 486, 142 S.Ct. 1793, 1799-80, 213 L.Ed.2d 54 (2022)(noting that the Supreme Court has declined 11 different time to imply similar causes of actions in the years since Bivens was decided); FDIC v. Meyer, 510 U.S. at 484-86, 114 S.Ct. 996(declined to extend Bivens to permit suit against a federal agency); also see Bulger v. Hurwitz, 62 F.4th 127, 138 (4th Cir. March 3, 2023)(rejecting request to extend Bivens to a prisoner's Eighth Amendment failure to protect and intervene claims against BOP officials); Dyer v. Smith, 56 F.4th 271, 275 (4th Cir. 2022)(declining request to extend Bivens to claims against Transportation and Security Administration officers for violations of the First and Fourth Amendments); Tate v. Harmon, 54 F.4th 839, 841-42 (4th Cir. 2022)(rejecting request to extend Bivens to conditions of confinement claim under the Eighth Amendment); Annappareddy v. Pascale, 996 F.3d 120, 126 (4th Cir. 2021)(declining to extend Bivens to claims against federal prosecutors and investigators for violations of the Fourth and Fifth Amendments); Earle v. Shreves, 990 F.3d 774, 776 (4th Cir.

19

2021)(rejecting request to extend *Bivens* to claims of unlawful retaliation by prison officials for filing grievances in violation of the First Amendment); Tun-Cos v. Perrotte, 922 F.3d 514, 517-18 (4th Cir. 2019)(declining to extend *Bivens* to claims of unlawful searches and seizures by Immigration and Customs Enforcement agents in violation of the Fourth and Fifth Amendments); Holly v. Scott, 434 F.3d 287, 290 (4th Cir. 2006)(declining to extend *Bivens* to an Eighth Amendment claim against employees of a privately operated prison); Lebron v. Rumsfeld, 670 F.3d 540 (4th Cir. 2012)(declining to extend *Bivens* in a military context). In 2017, the Supreme Court made clear the very limited scope of Bivens actions and that "expanding the Bivens remedy is now a disfavored judicial activity." Ziglar v. Abbasi, 582 U.S. 120, 134, 137 S.Ct. 1843, 1857, 198 L.Ed.2d 290 (2017). If the asserted Bivens claim is not one of the three Bivens-type actions previously recognized by the Supreme Court, closer scrutiny is required. Id. More recently, the Supreme Court in Egbert noted "[n]ow long past the heady days in which this Court assumed common-law powers to create causes of action [such as Bivens], we have come to appreciate more fully the tension between this practice and the Constitution's separation of legislative and judicial power." Egbert, 596 U.S. at 490, 142 S.Ct. at 1802(internal citations omitted). The Supreme Court stated that "[i]n both statutory and constitutional cases, our watchword is caution." Hernandez, 589 U.S. at ___, 140 S.Ct. at 742; Tate, 54 F.4th at 844(stating that the Supreme Court's "recent admonitions are clear: '[T]he Judiciary's authority to [create a cause of action under the Constitution] is, at best, uncertain,' . . . ; courts must beware of 'arrogating legislative power'. . .; and 'our watchword is caution,'. . .")(internal citations omitted). The Supreme Court explained that "a federal court's authority to recognize a damages remedy must rest at bottom on a statute enacted by Congress, . . . and no statute expressly creates a *Bivens* remedy." Hernandez, 589 U.S. at ____, 140 S.Ct. at 742; also see Egbert, 596 U.S. at 502, 142 S.Ct. at 1809("[M]ore recently,

20

we have indicated that if we were called to decide *Bivens* today, we would decline to discover any implied causes of action in the Constitution.")

Although the Supreme Court called into doubt the validity of the "implied rights" in <u>Bivens</u>, the Supreme Court did not overturn <u>Bivens</u>. <u>Id.</u> The Supreme Court, however, "impose[d] a highly restrictive analysis for <u>Bivens</u> cases by (1) narrowing the precedential scope of <u>Bivens</u>, <u>Davis</u>, and <u>Carlson</u> and (2) imposing a broad standard of criteria that, if satisfied, require courts to reject any expansion of <u>Bivens</u> remedies." <u>Tate</u>, 54 F.4th at 844. The Supreme Court explained that when asked to extend <u>Bivens</u>, a Court should engage in a two-step inquiry. <u>Hernandez</u>, 489 U.S. at ___, 140 S.Ct. at 743. First, the Court should inquire "whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants.'" <u>Id.</u>(citation omitted). The Supreme Court clarified that its "understanding of a 'new context' is broad," thereby requiring the scope of the exiting <u>Bivens</u> causes of action to be narrowly construed. <u>Id.</u> Second, if a claim is found to arise in a new context, the Court should inquire "whether there are any 'specific factors [that] counsel hesitation' about granting the extension." <u>Id.</u>(quoting <u>Abbasi</u>, 582 U.S. at 135, 137 S.Ct. at 1857); <u>also see</u> <u>Greenpoint Tactical Income Fund LLC v. Pettigrew</u>, 38 F.4th 555, 561 (7th Cir. 2022)(The two-part test used post-*Abbasi* to evaluate claims under *Bivens* remains the same after *Egbert*); <u>Feao v. Ponce</u>, 2023 WL 3213553 (C.D.Cal. March 3, 2023)(Although *Egbert* indicates that existence of "special factors" can itself create a new context, the court rejected defendants' argument that *Egbert* had the effect of collapsing the inquiry altogether and dispensing with the "next context" inquiry).

In <u>Abbasi</u>, the Supreme Court set out a framework for determining whether a claim presents a "new <u>Bivens</u> context." <u>Abbasi</u>, 582 U.S. at 140, 137 S.Ct. at 1860. As stated above, the Supreme Court has recognized a <u>Bivens</u> remedy in only three cases: (1) A Fourth Amendment claim against

federal agents for violating the prohibition against unlawful searches and seizures when they handcuffed a man in his home without a warrant; (2) A Fifth Amendment general discrimination claim against a congressman for firing his female administrative assistant; and (3) An Eighth Amendment claim brought by an inmate's estate against prison officials for failure to provide adequate medical care for his asthma. Id. at 1854-55(citations omitted). The Abbasi Court explained that "[i]f the case is different in a meaningful way from previous Bivens cases decided by this Court, then the context is new." Id. at 1859. Although the Abbasi Court did not provide "an exhaustive list of differences that are meaningful enough to make a given context a new one," the Court did provide the following "instructive" examples:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

Id. at 1859-60. In Tate, the Fourth Circuit recognized that a single fact distinguishing a case from Bivens, Davis, and Carlson, potentially can create a "new context." Tate, 54 F.4th at 846.

As stated above, Plaintiff alleges that medical staff at FCI McDowell subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights by knowing denying him adequate medical and/or dental treatment for his abscessed resulting in Plaintiff becoming septic "to the point of hospitalization and near death." Thus, the undersigned first considers whether Plaintiff's Eighth Amendment claim concerning deliberate difference to his medical and/or dental needs constitutes an improper extension of Bivens. As stated above, the Supreme Court has recognized an implied right of action for an Eighth Amendment claim based on deliberate indifference to serious medical needs in Carlson. Like Carlson, the instant case is predicated upon

22

the Eighth Amendment and involves a claim for the denial of medical care in a prison setting. In both cases, the prisoner suffered from a medical condition that he allegedly received inadequate treatment despite each defendant's alleged awareness of the serious risks of harm posed by the inadequate treatment. In both cases, the alleged cause of the prisoner's injury is the failure to provide adequate medical care. Finally, the judicial guidance on such claims is firmly established. In Abbasi, the Supreme Court stated that "[t]he Court has long made clear the standard for claims alleging failure to provide medical treatment to a prisoner - - 'deliberate indifference to serious medical needs.'" Abbasi, 582 U.S. at 148, 137 S.Ct. at 1864(citing Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Although Defendants have cited caselaw supporting their argument that Plaintiff's deliberate indifference claim is an improper extension of Bivens, the cited caselaw is non-binding authority and the undersigned declines to adopt such. Recently, the Fourth Circuit determined that plaintiff's claim was materially distinct because plaintiff's claims "are premised **not** on a failure to provide adequate medical care but on BOP officials' failure to stop Bulger's transfer to Hazelton and protect Bulger from prisoner-on-prisoner violence." Bulger v. Hurwitz, 62 F.4th at 138(emphasis added)(noting that Carlson involved "a prison official's deliberate indifference to an inmate's health by failing to provide competent medical care after the inmate suffered a severe asthma attack"). Based upon the foregoing, the undersigned finds that Plaintiff's deliberate indifference claim does not constitute "a new Bivens context" and is not an improper extension of Bivens. See Bulger v. Hurwitz, 62 F.4th at 138; also see Hampton v. Jones, 2022 WL 4820355 (3rd Cir. 2022)("To the extent Hampton also alleged an Eighth Amendment claim of deliberate indifference to his serious medical needs against defendant Ayers, courts have long recognized a Bivens cause of action in this context."); Mirvis v. Quay, 2023 WL 5671935 (E.D.N.Y. Sep. 1, 2023)(finding plaintiff's Fifth Amendment claim of deliberate

23

indifference to a serious medical need was not an improper extension of *Bivens*); Feao v. Ponce, 2023 WL 3213553 (C.D.Cal. March 3, 2023)(rejecting defendants' argument that *Egbert* made plaintiff's Eighth Amendment claims for deliberate indifference to prisoners' serious medical needs unviable); Foreman v. United States, 2023 WL 1991561 (E.D.Mich. Feb. 14, 2023)(deliberate indifference to plaintiff's need for rehabilitative care after contracting COVID was not a new *Bivens* context); Rodriguez v. Ahmed, 2023 WL 361207 (S.D.Ill. Jan. 23, 2023)(finding prisoner's claim of deliberate indifference to his serious medical needs was not meaningfully different from *Carlson*); Hammack v. Schneider, 2023 WL 143312 (S.D.Ill. Jan. 10, 2023)(failure to treat plaintiff's Dupuytren's Contracture resulting in the loss of use of his hand, was not a new *Bivens* context); Krocka v. Georges, 2021 WL 11718130 (N.D.Ga. Jan. 18, 2021)(finding plaintiff's claim of deliberate indifference concerning his serious medical need concerning a retinal detachment falls squarely within *Carlson* and does not present a new *Bivens* context); Wise v. Maruka, 2021 WL 1603819, * 15 (S.D.W.Va. Jan. 5, 2021)("Plaintiff's Eighth Amendment claim alleging deliberate indifference is not an improper extension of *Bivens*."), report and recommendation adopted, 2021 WL 1146002 (S.D.W.Va. March 25, 2021), aff'd, 2023 WL 1519515 (4th Cir. 2023); Short v. Barr, 2020 WL 1942785 (N.D.Fla. March 13, 2020)(rejecting defendant's argument that a claim for deliberate indifference to the plaintiff's gender dysphoria was a new context, because "a *Bivens* remedy is recognized in this context against prison officials for failing to adequately treat an inmate's medical condition"). Accordingly, the undersigned respectfully recommends that Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 15) be denied as to the above argument.

    **iv.   Qualified Immunity:**

In their Motion, Defendants argue that Plaintiff's claim is barred against all of the

Defendants by the doctrine of qualified immunity. (Document Nos. 15 and 18.) Specifically, Defendants argue that "Federal executive officers and employees who are sued for constitutional torts may invoke the defense of qualified immunity." (Document No. 18, p. 13.) Defendants further state that "the facts as alleged by Plaintiff here fail to show a violation of a constitutional right." (Id., p. 14.) Defendants conclude that the Eighth Amendment is not implicated because "Plaintiff was timely and properly treated for the conditions he has reported." (Id.) Defendants then argue that "[e]ven if the Eighth Amendment was implicated, Plaintiff was provided constant and appropriate medical treatment for his condition and has failed to establish deliberate indifference on the part of staff." (Id.) Accordingly, Defendants argue that they are entitled to qualified immunity. (Id.)

Courts have established qualified immunity for government officials in consideration of a number of factors including the substantial cost of litigation against government officials, the distraction of government officials from their public responsibilities and the disincentive to responsible and capable persons to accept government positions if there is no protection against suits accusing them of misconduct in the performance of their public duties. Government officials performing discretionary functions are generally protected from civil damages liability if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). In determining the validity of a qualified immunity defense, the Court should be guided by a two-prong test: (1) whether the facts viewed in the light most favorable to the Plaintiff establish a deprivation of an actual constitutional right; and (2) whether that right was clearly established at the time of the purported violation. Id. The sequence of the

steps is immaterial following <u>Pearson</u>. The Court may exercise discretion in deciding which of the two prongs "should be addressed first in light of the circumstances in the particular case at hand." <u>Id.</u> at 818. "A constitutional right is 'clearly established' when its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Cooper v. Sheehan</u>, 735 F.3d 153, 158 *4th Cir. 2013)(internal quotation marks and citations omitted).

Since the undersigned has recommended that Plaintiff's <u>Bivens</u> claim be dismissed as to Defendant Carothers and Bailey, the undersigned will consider the qualified immunity argument as it relates only to Defendants Ray and Brown. As explained above, the undersigned has found that Plaintiff alleges a plausible claim that Defendants Ray and Brown denied him adequate medical and/or dental treatment for his serious medical condition in violation of his Eighth Amendment rights.[6] The undersigned further finds that the Eighth Amendment right to be free from cruel and unusual punishment was clearly established at the time of the allegation violation. Defendants Ray and Brown do not dispute that the Eighth Amendment right to be free from cruel and unusual punishment was clearly established at the time of the allegation violations. Defendants Ray and Brown do not dispute that it was well established that at the time of the alleged constitutional violations that sentenced prisoners were entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety" under the Eighth Amendment. As explained above, the undersigned finds that Plaintiff's factual allegations taken as true establish that Defendants Ray and Brown knowingly denied Plaintiff medical and dental treatment after Plaintiff's notified them

---

[6] Although Defendants conclude in their qualified immunity argument that the record does not support a finding that Defendants acted with deliberate indifference to Plaintiff's medical and/or dental needs, Defendants' Motion does not include an analysis supporting such a conclusion. Accordingly, the undersigned will not *sua sponte* consider whether the record supports a finding that Defendants did not act with deliberate indifference based on a review of the Exhibits. To the extent Defendants wish to make such an argument, Defendants may file a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment specifically presenting their argument that the record does not support Plaintiff's claim that Defendants acted with deliberate indifference to his medical and/or dental needs.

of his abscessed tooth. Plaintiff further alleges that that he specifically requested antibiotic as treatment and was denied such for approximately one month, which resulted in Plaintiff becoming septic and "near death." The foregoing allegations taken as true support Plaintiff's claim that Defendants Ray and Brown were aware that the above denial created an excessive risk to Plaintiff's health and safety and each deliberately failed to act. See Makdessi, supra, 789 F.3d at137-38(stating that "even under the subjective standard, a prison official cannot hide behind an excuse that he was unaware of a risk, no matter how obvious"); Porter, supra, 923 F.3d at 361("an obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate"). The undersigned finds that when viewing the factual allegations as true, Plaintiff could establish a violation of his clearly established rights under the Eighth Amendment. The undersigned, therefore, respectfully recommends that Defendants' Motion (Document No. 15) be denied concerning Defendants Ray and Brown's claim of qualified immunity as it relates to Plaintiff's Eighth Amendment deliberate indifference claim.

2.      **Plaintiff's Motion for Summary Judgment (Document No. 24):**

In Plaintiff's Motion for Summary Judgment, Plaintiff first states "I'm not sure if I'm supposed to request relief sought again, but I thought they would respond back." (Document No. 24.) Plaintiff then asserts that "if we go to trial," Plaintiff believes "B-Pod Correctional Officer at the time/shift of incident would give testimony of how bad the medical was and how they basically almost let [Plaintiff] die." (Id.) Plaintiff states that Yard CO Conida "saved [Plaintiff's] life." (Id.) Plaintiff alleges that Yard CO Conida was aware of attempts to put Plaintiff in the Special Housing Unit for begging for antibiotics and an ambulance. (Id.) Plaintiff states he believes Yard CO Conida will also testify on his behalf. (Id.) Based on the foregoing, Plaintiff appears to request summary judgment. (Id.)

As explained above, the burden is placed on the party moving for summary judgment to establish he is entitled to judgment as a matter of law and the absence of a genuine issue of material fact. <u>See</u> <u>Celotex Corp.</u>, 477 U.S. at 323, 106 S.Ct. at 2548. Plaintiff has not met this burden. Specifically, Plaintiff has not presented undisputed evidence sufficient to establish the essential elements of his claim as to entitle him judgment as a matter of law. Plaintiff merely indicates the names of two individuals the "thinks" will present favorable testimony if the above case proceeds to trial. Additionally, the undersigned cannot find there are no genuine disputes of material fact. Defendants dispute they were aware that Plaintiff was receiving inadequate medical and/or dental care, and disregard such. Based on the record, the parties appear to disagree as to whether Plaintiff refused medical care and failed to show up for scheduled appointments. Thus, there is no question that genuine disputes of material fact are present. The undersigned finds that Plaintiff has fallen far short of the standard governing summary judgment. Accordingly, the undersigned respectfully recommends that the District Court deny Plaintiff's Motion for Summary Judgment (Document No. 24).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court District Court **DENY** Plaintiff's Motion for Summary Judgment (Document No. 24), **GRANT in part and DENY in part** Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 15). Specifically, the undersigned **RECOMMENDS** that Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 15) be **GRANTED** as to Plaintiff's FTCA claim and as to Plaintiff's <u>Bivens</u> claim against Defendants Carothers and Bailey. The undersigned **RECOMMENDS** that Defendants' "Motion to Dismiss,

or in the Alternative, Motion for Summary Judgment" (Document No. 15) be **DENIED** as to Plaintiff's <u>Bivens</u> claim against Defendants Ray and Brown.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 9, 2023.



Omar J. Aboulhosn
United States Magistrate Judge